**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**Winifred Byron ROBERTS,**
**Respondent.**

**No. 2000–SC–0081–KB.**

Supreme Court of Kentucky.

March 23, 2000.

**OPINION AND ORDER**

The Respondent, Winifred Byron Roberts was admitted to practice law in the

15. *Id.* at 511.

Commonwealth of Kentucky on November 18, 1983. The Kentucky Bar Association (KBA), moves this Court to enter a public order confirming Respondent's suspension from the practice of law in this Commonwealth since November 5, 1999.

On November 4, 1999, Respondent was convicted in the Montgomery Circuit Court of the offense of Theft by Deception, KRS 514.040, a felony. Respondent's conviction resulted from her unlawfully obtaining $6,308.02 between July 10, 1998 and September 15, 1998 from the Community Trust Bank in return for worthless checks drawn by Respondent upon her account at the Farmers' Bank in Owingsville, Kentucky.

Pursuant to SCR 3.166(1), Respondent was automatically suspended from the practice of law on November 5, 1999, the day following her conviction. SCR 3.166(1) provides in part:

> Any member of the Kentucky Bar Association who pleads guilty or is convicted by a judge or jury of a felony as defined in KRS 500.080 shall be automatically suspended from the practice of law in this Commonwealth. The suspension shall take effect automatically beginning on the day following the plea of guilty or finding of guilt by a judge or jury or upon the entry of judgment whichever occurs first. The suspension under this rule shall remain in effect until dissolved or superseded by order of the Court.

SCR 3.166(1).

This Court takes notice of the fact that Respondent was found guilty of the above charge on November 4, 1999, and that no motion has been filed to dissolve or modify the suspension pursuant to SCR 3.166(1).

To the extent that she has not already done so, Respondent shall, under this rule, notify all clients in writing of her inability to continue to represent them and shall furnish copies of all such letters to the Director of the KBA. These letters shall be mailed to the client within ten (10) days after the plea of guilty, conviction by judge or jury, or entry of judgment has been made. Respondent shall make arrangements to return all active files to the client or new counsel and shall return all unearned attorney fees and client property to the client and shall advise the Director of such arrangements within the same ten (10) day period.

Disciplinary proceedings shall be initiated against Respondent by the Inquiry Commission pursuant to SCR 3.160, unless already begun or unless Respondent resigns under terms of disbarment.

Pursuant to SCR 3.166(1), Respondent's suspension shall remain in effect until dissolved or superseded by order of this Court.

Wherefore, Respondent, Winifred Byron Roberts, having been automatically suspended from the practice of law in this Commonwealth on November 5, 1999 incident to her felony conviction, the request of the KBA for entry of an order memorializing such suspension for the purpose of notice to the members of the legal profession and to the public is granted.

All concur.

ENTERED: March 23, 2000.

/s/ Joseph E. Lambert
CHIEF JUSTICE